IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs December 8, 2009

## CHARLES EDWARD MERIWEATHER v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Davidson County**
**Nos. 2005-B-713, 2005-C-1868     Seth Norman, Judge**

---

**No. M2008-02329-CCA-R3-PC - Filed January 7, 2010**

---

The petitioner, Charles Edward Meriweather, appeals the denial of his petition for post-conviction relief, arguing that he received ineffective assistance of counsel and that his guilty pleas were therefore unknowing and involuntary, due to counsel's failure to inform him that the sentences contained in his plea bargain agreement were illegal. The State concedes that the petitioner's sentences are illegal, rendering his guilty pleas unknowing and involuntary. We agree that the plea bargain contains illegal sentences and, accordingly, reverse the judgment of the post-conviction court and remand the case to the trial court for the petitioner to be allowed to withdraw his guilty pleas.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Reversed and Remanded**

ALAN E. GLENN, J., delivered the opinion of the court, in which DAVID H. WELLES and ROBERT W. WEDEMEYER, JJ., joined.

Mark A. Kovach, Nashville, Tennessee, for the appellant, Charles Edward Meriweather.

Robert E. Cooper, Jr., Attorney General and Reporter; Clarence E. Lutz, Assistant Attorney General; Victor S. Johnson, III, District Attorney General; and Dan Hamm, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

<u>FACTS</u>

In 2006, the petitioner pled guilty in two separate cases to sale of .5 grams or more of cocaine and "sale of c/s over 26 gr or more coc.," Class B felonies. Pursuant to the terms of his negotiated plea agreement, he was sentenced as a Range II, multiple offender to twelve years for each offense, with one year to serve at 100 percent in the Department of Correction, followed by five years of supervised probation. The sentences were ordered to be served consecutively, for a total of two years to serve at 100 percent in the Department of Correction, followed by a term of ten years of

supervised probation. On November 21, 2006, the petitioner filed a *pro se* petition for post-conviction relief, followed by an amended *pro se* petition, in which he raised claims of ineffective assistance of counsel and unknowing and involuntary guilty pleas. Following the appointment of post-conviction counsel, the petitioner subsequently filed additional amended petitions in which he alleged, among other things, that his guilty pleas were unknowing and involuntary because the day-to-day sentences contained in his plea agreement prevent him from receiving statutorily-mandated good-time credits and, thus, are illegal.

At the July 16, 2008, evidentiary hearing, the petitioner complained that trial counsel, among other things, failed to fully explain the ramifications of his guilty pleas, including the invalidity of his day-for-day sentences and the fact that the appellate courts have held that a defendant "cannot be made to give up any good credits[.]" On cross-examination, he conceded that he had enough prior felony convictions at the time of his guilty pleas to have been classified as a Range III, persistent offender. He also acknowledged that he had committed one of the offenses to which he pled guilty while out on bond for the other offense, which required that the sentences be served consecutively. Trial counsel testified, *inter alia*, that he fully discussed with the petitioner his criminal record, the charges and evidence against him, the potential sentences he faced if convicted at trial, and the ramifications of his plea agreement. He said that the petitioner was very knowledgeable about the criminal justice system, understood what he was facing and the conditions of his plea agreement, and was "very happy" with the plea bargain he received in the case. On cross-examination, counsel testified that he and the petitioner discussed that the petitioner would have to serve two years day-for-day, but that, to his recollection, "[t]he term good time never came up."

The post-conviction court denied the petition in a written order entered on October 6, 2008, finding that trial counsel was not deficient in his representation and that the petitioner's guilty pleas were knowing and voluntary. With respect to the petitioner's claim that his day-for-day sentences were illegal, the post-conviction court made the following findings and conclusions:

> At the evidentiary hearing, the petitioner brought another claim not mentioned in the Petition:[1] that counsel was ineffective for allowing petitioner to plead guilty to an illegal sentence. Post-Conviction counsel claimed that day-for-day sentences are not valid. He contends that day-for-day sentencing illegally deprives a convicted individual of sentence reduction credits to which he is statutorily entitled. See T.C.A. 41-2-111 (b). However, courts can order sentences of split confinement so long as the period of confinement does not exceed the prisoner's release eligibility date. Jonathan Thornton v. State, No. E2003-00393-CCA-R8-PC, 2003 WL 1233478 (Tenn. Crim. [App.] at Knoxville, Mar[.] 17, 2003); State v. James Kevin Underwood, No. E2000-01945-CCA-R3-CD, 2001 WL 872436 (Tenn. Crim. App. at Knoxville, Aug. 2, 2001).

---

[1] The petitioner raised this issue in the "Law and Argument" section of an amended petition for post-conviction relief filed on the same day as the evidentiary hearing.

## ANALYSIS

On appeal, the petitioner contends that the sentences contained in his plea bargain agreement are illegal because day-for-day service deprives him of his statutory right to earn good conduct or authorized work credits. The State agrees that the sentences are illegal, noting that the petitioner was ineligible for probation and that "[w]hen a trial court imposes split confinement, the law is settled that the court cannot deny a defendant the statutory right to earn good conduct credits or authorized work."

We agree that the sentences are illegal, rendering the petitioner's guilty pleas unknowing and involuntary. Pursuant to Tennessee Code Annotated section 40-35-303, a defendant is eligible for probation, subject to certain exceptions, if the sentence actually imposed on him is ten years or less. Since the petitioner received a twelve-year sentence for each conviction, he was statutorily ineligible for probation. Tenn. Code Ann. § 40-35-303(a) (2006). Moreover, a defendant who is sentenced to a period of continuous confinement followed by probation is to serve his sentence of incarceration in the local jail or workhouse. Tenn. Code Ann. § 40-35-306(a) (2006); see also State v. Stephanie C. Hadley, No. M2002-02441-CCA-R3-CD, 2003 WL 21957078, at *2 (Tenn. Crim. App. Aug. 15, 2003) ("The designated place of confinement for split confinement sentences must be the local jail or workhouse."). Furthermore, Tennessee Code Annotated section 41-2-111 provides that a prisoner who has been sentenced to the county jail or workhouse for any period of time less than one year has the right to earn good time credits. See Tenn. Code Ann. § 41-2-111(b) (2006); see also State v. Jared M. Barnes, No. E2001-00325-CCA-R3-CD, 2001 WL 1565484, at *9 (Tenn. Crim. App. Dec. 10, 2001); James Kevin Underwood, 2001 WL 872436, at *3. Accordingly, we conclude that the post-conviction court erred in denying the petition for post-conviction relief.

## CONCLUSION

Based on the foregoing authorities and reasoning, we reverse the judgment of the post-conviction court and remand the case to the trial court for the petitioner to be allowed to withdraw his guilty pleas.

_____
ALAN E. GLENN, JUDGE